UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANAND VIHAR LLC,

    Plaintiff/Counter Defendant,

vs.                                                  Case No. 8:16-cv-841-T-27TBM

THE EVANS GROUP INCORPORATED,

    Defendant/Counter Claimant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Exclude Expert Testimony from Dawn Michele Evans Under *Daubert* (Dkt. 36), which Defendant opposes (Dkt. 42). Upon consideration, the Motion (Dkt. 36) is DENIED.

Dawn Michele Evans is the vice president of the Evans Group overseeing the business operations of the firm. (Dawn Michele Evans Aff. ¶ 3, Dkt. 42, Ex. A). She has a degree in architecture and has worked in the architectural field in excess of twenty-five years. (*Id.* ¶ 4). She has negotiated and prepared over 700 contracts for the Evans Group, including negotiating terms and fees for the Evans Group's services. (*Id.* ¶ 6). In preparing fee proposals, she utilizes an industry survey report, Architect and Engineering Fees for Professional Design Services. (*Id.* ¶ 8). She will offer testimony regarding the damages suffered by the Evans Group, and she will rebut any assertions of unreasonableness related to the parties' contractual terms and fees. She will rely on the Evans Group's proposed terms, the Evans Group's standard terms, pricing for the Project, industry standards, and third party proposals for the Project.

**Standard**

A witness qualified by knowledge, skill, experience, training, or education may testify in the

- 1 -

form of an opinion if (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Trial courts act as gatekeepers to ensure expert testimony is relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

The first prong of *Daubert* requires an expert to be qualified. A witness may gain expertise through "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The second prong, reliability, is a consideration separate from expertise, and an expert's experience alone does not guarantee reliability. *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004). Expert testimony must also assist the trier of fact to be admissible. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). It will do so if it "concerns matters that are beyond the understanding of the average layperson." *Frazier*, 387 F.3d at 1262. Expert testimony is generally not helpful, and therefore not admissible, when "it offers nothing more than what lawyers for the parties can argue in closing arguments." *Id.* at 1262-63. The party offering an expert witness has the burden of laying the proper foundation for admission of the expert's testimony by a preponderance of the evidence. *Allison v. McGhan*, 184 F.3d 1300, 1306 (11th Cir. 1999). Ultimately, trial courts have "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire*, 526 U.S. at 152.

**Discussion**

Anand contends that Ms. Evans is not qualified to render her opinions regarding the Evans

Group's damages because she is not a CPA or economist.[1] Notwithstanding, Ms. Evans has worked in the architectural field for an excess of twenty-five years, and has handled over 700 contracts for the Evans Group's architectural services. The scope of the Evans Group's damages is based on Ms. Evans' standard process she uses to determine the Evans Group's fee proposals for architectural services. Anand's contentions go to the weight of Ms. Evans' opinions rather than admissibility. She is qualified based on her knowledge, experience, and education to provide her opinion regarding the Evans Group's damages in this case.

Anand's second contention, that Ms. Evans should not be permitted to testify as to the industry standards she utilizes when preparing the Evans Group's fee proposals because she is not a licensed architect, is without merit. This testimony is based on Ms. Evans' personal knowledge and practice in preparing the Evans Group's fee proposals.

**Conclusion**

Accordingly, Plaintiff's Motion to Exclude Expert Testimony from Dawn Michele Evans Under *Daubert* (Dkt. 36) is **DENIED**.

**DONE AND ORDERED** this 15th day of July, 2017.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[1] The Evans Group contends that Ms. Evans' testimony is not expert testimony. Ms. Evans, however, was disclosed as an expert witness. (Dkt. 36, Ex. A).