UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANAND VIHAR LLC,

    Plaintiff/Counter Defendant,

vs.                                                     Case No. 8:16-cv-841-T-27TBM

THE EVANS GROUP INCORPORATED,

    Defendant/Counter Claimant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion on Order of Proof (Dkt. 66), which Plaintiff opposes (Dkt. 70). Evans Group seeks to reverse the order of proof to permit it to open and close the case to the jury. Upon consideration, the Motion (Dkt. 66) is GRANTED.

"A trial court has broad discretion to exercise control over the order of presentation at trial." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1181 (11th Cir. 2002). And, "in the context of a declaratory judgment action, 'the normal position of the parties is reversed . . . .'" *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 862 (11th Cir. 2008) (quoting *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir.1992)), *abrogated in part by Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

Anand initiated a declaratory judgment action in Pasco County Circuit Court for a determination that it has an "express, non-exclusive license" to the conceptual drawings at issue. (Dkt. 2).[1] Evans Group removed the action to this Court. Consistent with the reversal of the parties'

---

[1] Anand alternatively seeks a declaration that the Evans Group breached the implied covenant of good faith dealing. (Dkt. 2 ¶ 18).

positions, Evans Group brought copyright infringement and breach of contract counterclaims. And, Evans Group, as the alleged copyright owner, bears the burden of proving copyright infringement. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, ___ U.S. ___, 188 L. Ed. 2d 979 (2014) ("a copyright plaintiff bears the burden of proving infringement"); *cf. Medtronic, Inc. v. Mirowski Family Ventures, LLC*, ___ U.S. ___, 134 S. Ct. 843, 849, 187 L. Ed. 2d 703 (2014) ("in a licensee's declaratory judgment action, the burden of proving infringement should remain with the patentee); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 439, 104 S. Ct. 774, 787, 78 L. Ed. 2d 574 (1984) (noting the "historic kinship between patent law and copyright law"). The determination Anand seeks, that it has an "express, non-exclusive license," is a well-established affirmative defense to Evans Group's copyright infringement claim.[2] *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1235 (11th Cir. 2010); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 955 (11th Cir. 2009); *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 751 (11th Cir. 1997). Evans Group, therefore, as the party claiming copyright infringement, is the proper party to open and close this case. *Petrella*, 134 S. Ct. at 1976; *Latimer*, 601 F.3d at 1235. Accordingly, Defendant's Motion on Order of Proof (Dkt. 66) is **GRANTED**.

**DONE AND ORDERED** this 10th day of August, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record

---

[2] Indeed, Anand asserts the existence of a license as its first and second affirmative defenses. (Dkt. 7 at 4).